**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 11, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41245
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALONSO GONZALEZ-BARREIRO, also known as Jose Gonnzalez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No.7:06-CR-389-1
--------------------

Before JONES, Chief Judge, HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Jose Alonso Gonzalez-Barreiro appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b). He argues first that his criminal history score was miscalculated because he should have received zero, instead of one, criminal history point(s) for his prior state conviction for evading a peace officer and that he should have received only four, instead of six points, for his two state probation revocation sentences.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We disagree with Gonzalez-Barreiro's assertion that he adequately preserved his objection to the criminal history point assessed for his state conviction for evading a peace officer. The only mention of that conviction before the district court was in the context of Gonzalez-Barreiro's written request for a downward departure wherein he referenced the "technical[]" error of assessing a point for that conviction as a basis for a downward departure. Moreover, when the district court asked Gonzalez-Barreiro what objections needed a ruling from the court, Gonzalez-Barreiro made no mention of his conviction for evading a peace officer. Cf. United States v. Ocana, 204 F.3d 585, 589 (5th Cir. 2000). With respect to his criminal history, Gonzalez-Barreiro stated only that he requested a downward departure because he believed it was over-represented.

Accordingly, we review all of Gonzalez-Barreiro's challenges to his criminal history score for plain error. Assuming the assignment of the three criminal history points was error that was plain, Gonzalez-Barreiro cannot show that such error affected his substantial rights. Although Gonzalez-Barreiro argues that, because the district court sentenced him to the bottom of the erroneously calculated guidelines range, the district court would also have sentenced him to the bottom of the correctly calculated guidelines range, a sentence at the bottom of the guidelines range does not alone establish that the error affected the defendant's

substantial rights.  <u>See</u> <u>United States v. Bringier</u>, 405 F.3d 310, 317 & n.4 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 264 (2005).

Gonzalez-Barreiro contends that the presumption of reasonableness this court accords sentences imposed within the advisory guidelines range erroneously constrains the district court's discretion.  This argument is now foreclosed by <u>Rita v. United States</u>, No. 06-5754 (U.S. June  21, 2007), which upheld this court's <u>post-Booker</u> methodology articulated in <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir. 2005).

Finally, Gonzalez-Barreiro challenges the constitutionality of 8 U.S.C. § 1326(b) in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Gonzalez-Barreiro's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Accordingly, Gonzalez-Barreiro's conviction and sentence are AFFIRMED.